**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Vicente Eliseo AGUIRRE–CAVAZOS,**
**also known as Vicente Eliseo Martinez–Cavazos, Defendant–Appellant.**

**No. 07–40378**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 26, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM: *

Vincente Eliseo Aguirre–Cavazos appeals his conviction and sentence for being present in the United States following deportation in violation of 8 U.S.C. § 1326. Aguirre–Cavazos argues that the district court erred in applying a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the determination that his 2005 Texas conviction for burglary of a habitation constitute a crime of violence. We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Villanueva,* 408 F.3d 193, 202, 203 n. 9 (5th Cir.2005); *United States v. Vargas–Duran,* 356 F.3d 598, 602 (5th Cir.2004) (en banc).

Aguirre–Cavazos recognizes that this court has previously held that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his convictions, is a crime of violence for purposes of § 2L1.2, but he argues that the Supreme Court's recent decision in *James v. United States,* — U.S. ——, 127 S.Ct. 1586, 1599–1600, 167 L.Ed.2d 532 (2007), overrules this circuit's precedent. In *United States v. Gomez–Guerra,* 485 F.3d 301, 303 n. 1 (5th Cir.2007), this court noted that

the analysis in *James* expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(i), which § 2L1.2 does not contain. Consequently, *James* is not dispositive of this case. Moreover, because this court has repeatedly held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii). *See Gomez–Guerra,* 485 F.3d at 304 & n. 3; *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005); *see also United States v. Murillo–Lopez,* 444 F.3d 337, 339, 344 (5th Cir. 2006).

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Aguirre–Cavazos challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.